## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## JONESBORO DIVISION

| | | |
|---|---|---|
| JANICE WHEELER, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | |
| NANCY A. BERRYHILL, Acting | * | No. 3:18cv00013-JJV |
| Commissioner, Social Security | * | |
| Administration, | * | |
| | * | |
| Defendant. | * | |

## MEMORANDUM AND ORDER

Plaintiff, Janice Wheeler, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for disability insurance benefits.  Both parties have submitted appeal briefs and the case is ready for a decision.

A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error.  *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. § 405(g).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision.  *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

Plaintiff argues, *inter alia*, this case should be remanded because the ALJ failed to consider whether she is disabled under the medical-vocational guidelines. (Doc. No. 15 at 17-19.) At issue is the fact that Ms. Wheeler was only four months away from her fifty-fifth birthday when the ALJ issued his opinion. Plaintiff says, "If Wheeler was 55 years old, and thus in the 'advanced age' category, she would be disabled under Rule 202.06 of the light medical-vocational guidelines. 20 C.F.R. Pt. 404, Subpt. P, App. 2, Rule 202.06." (*Id.* at 17.) After careful review of the record and pleadings, I agree with Plaintiff and find the case should be remanded for further evaluation of her claims.

Plaintiff cites *Phillips v. Astrue*, 671 F.3d 699 (8th Cir. 2012) (Wollman, R., dissenting), in support of her position. The facts in this case and *Phillips* are similar in that both claimants were four months away from consideration in the "advanced age" category of the guidelines. But the United States Court of Appeals for the Eighth Circuit declined to draw a bright line in these "borderline situations." *Id.* at 703. Nevertheless, they held in favor of Ms. Phillips, stating, "Importantly, in addition to the close time period between the categories, we conclude Phillips established at least one additional vocational adversity justifying the use of the higher age category." *Id.* The additional vocational adversity in *Phillips* was the fact that she had no past relevant work. *Id.* The Court went to conclude:

> "In a case in which the claimant's age indicates that he or she might well fall within a borderline age category, the ALJ's failure to note that the ALJ has considered whether a claimant falls within a borderline category and, if so, whether bumping the claimant up is warranted, constitutes a failure to offer findings of fact and reasons for the decision." *Bowie*[*v. Comm'r of Soc. Sec. Admin.*], 539 F.3d [395] at 404 (Moore, J., dissenting). Because we are unable to determine from the record if the Commissioner considered whether Phillips should be moved to the higher age category, substantial evidence does not support the Commissioner's decision. See *Hitchcock v. Comm'r of Soc. Sec. Admin.*, No. 09-551, 2009 WL 5178806, at *10 (W.D.Pa. Dec. 21, 2009) ("[S]ince there is no discussion as to Plaintiff's borderline age, substantial evidence does not exist in the record to support that the ALJ did not mechanically apply the Medical–Vocational Guidelines."); *Schiel v. Comm'r of*

*Soc. Sec.*, 267 Fed.Appx. 660, 661 (9th Cir. 2008) (unpublished) (concluding the record did not provide a sufficient basis for review because the transcripts and decision did not show any consideration of the borderline age situation). Accordingly, we vacate the district court's judgment and remand the case with instructions to remand the matter to the Commissioner for further proceedings consistent with this opinion.

*Phillips*, 671 F.3d at 707.

The Commissioner counters that Ms. Wheeler's case is distinguishable because she had a "history of employment until 2014" and has failed to "show any additional progressive adversities that would justify the use of the older age category." (Doc. No. 16 at 5.) The Commissioner makes a good point. However, I find critical questions loom about the history of Plaintiff's employment and the existence of additional vocational adversities.

"Additional vocational adversities are the presence of an additional impairment(s) which infringes upon — without substantially narrowing — a claimant's remaining occupational base." Application of the Medical–Vocational Guidelines in Borderline Age Situations, Soc. Sec. Admin., Office of Hearings and Appeals, Hearings, Appeals, and Litigation Law Manual (HALLEX) II-5-3-2, available at http://www. socialsecurity.gov/OP_Home/hallex/II-05/II-5-3-2.html. The medical evidence shows Ms. Wheeler has "significant impairments in processing and attention." (Tr. 18.) Dan Johnson, Ph.D., reported, "Etiologically, the patient's noticeably slowed/impaired cognitive processing speed likely accounts for her subjective experience of day-to-day cognitive deficits/dysfunction as processing speed certainly can adversely impact most every functional cognitive domain utilized." (Tr. 116.) Advanced Practice Nurse Allison Russell also opined that Ms. Wheeler had substantial mental limitations. (Tr. 619.) And while the ALJ identified Plaintiff's past work as a librarian and library assistant with specific vocational preparations of 7 and 5 respectively, Ms. Wheeler's description of her work calls this finding into question. Ms. Wheeler said she was unable to perform the duties of the job saying, "I could not

focus on one thing at a time.  [W]as unable to remember all of my duties.  A couple of friends come [*sic*] about every day to help me try to get my work done.  I still could not concentrate on the job.  I was fired."  (Tr. 281.)

Accordingly, this case is remanded to the Commissioner for further development of the record.  On remand, the Commissioner should consider whether or not Ms. Wheeler falls within a borderline category and, if so, whether moving her up to the higher age category is warranted.

THEREFORE, this matter is REVERSED and REMANDED for action consistent with this opinion and any pending motions are rendered moot.  This is a "sentence four" remand within the meaning of 42 U.S.C. § 405 (g).

IT IS SO ORDERED this 29th day of August, 2018.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE